# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PEPPINO SANTOS GRAMYKO EARTHMAN, | Case No. 18-CV-2313 (DSD/SER) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| BRANDY NICOLE BELL, | |
| Defendant. | |

Plaintiff Peppino Santos Gramyko Earthman accuses defendant Brandy Nicole Bell of using his social security number to commit fraud.[1] Earthman applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Earthman qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited

---

[1] Earthman previously brought claims against Bell pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). *See Earthman v. Bell*, No. 18-CV-1904 (DSD/SER) (D. Minn. filed July 9, 2018). Those civil claims were dismissed without prejudice subsequent to the filing of this action.

1

to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Earthman appears only to be seeking the imposition of federal criminal sanctions against Bell. "Private individuals do not have the right to prosecute defendants for alleged violations of federal criminal statutes." *Sellors v. Obama*, No. 13-CV-2484 (SRN/JSM), 2014 WL 1607747, at *11 (D. Minn. Apr. 15, 2014) (collecting cases). Earthman may refer his claims to the United States Attorney's Office, but "courts universally endorse the principle that private citizens cannot prosecute criminal actions." *Higgins v. Neal*, 52 F.3d 337 (10th Cir. 1995) (unpublished table disposition). Simply put, Earthman cannot initiate a criminal prosecution against Bell.

This does not mean that legal relief is unavailable to Earthman; it may be that he can seek relief against Bell under various civil causes of action. But Earthman does not

appear to be raising any such civil claims in this lawsuit, and even if he were, it is not clear that a *federal* claim for relief is available to him. As explained to Earthman in prior litigation initiated by him against Bell, his civil claims appear to arise more naturally under state law than federal law. *See Earthman v. Bell*, No. 18-CV-1904 (DSD/SER) (D. Minn. filed July 9, 2018). In addition, both parties, are alleged to be citizens of Minnesota, and thus the Court lacks diversity jurisdiction over claims brought by Earthman against Bell under state law. *See* 28 U.S.C. § 1332(a).

Accordingly, this action should be dismissed without prejudice to Earthman's rights to seek relief in an appropriate forum and through the appropriate legal mechanisms.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Peppino Santos Gramyko Earthman [ECF No. 2] be DENIED.

Dated: October 11, 2018         s/ *Steven E. Rau*
                                Steven E. Rau
                                U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).